JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAN VINCENT, | ) Case No. SA CV 16-00043-JLS (KESx) |
|     Plaintiff, | ) |
| vs. | ) ORDER REMANDING CASE TO </br> ) STATE COURT |
| GLENN B. EVANS, et al., | ) |
|     Defendants. | ) |

    The Court *sua sponte* REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

    On January 12, 2016, Glenn B. Evans (hereinafter referred to as "Defendant"), having been sued in an unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented an application to proceed *in forma pauperis*. (Dkt. Nos. 1, 4.) In the Notice, Defendant contends that he is a member of a class protected by "Obama Homeowner Protection laws, California Homeowners/ Tenant Bill of Rights, Department of Fair Housing and

1  Urban Development and consumer protections." (Dkt. No. 1 at 4.[1]) Defendant, in
2  conclusory language, also lists the Fifth and Fourteenth Amendments, "the Americans
3  with Disabilities Act, the Civil Rights Act, the Age Discrimination Act, and various
4  Presidential 'Executive Orders' pertaining to environmental justice, Equal
5  Opportunity and Discrimination in housing" in support of federal question
6  jurisdiction. (Id. at 5.) Defendant further contends that he is entitled to remove the
7  case pursuant to 28 U.S.C. § 1443(1) because he has been deprived of his right to due
8  process and equal protection by the application of California statutory provisions
9  authorizing evictions in unlawful detainer proceedings. (Id. at 8.) Specifically,
10 Defendant contends that Plaintiff has violated his rights under 42 U.S.C. §§ 1981 and
11 1982. (Id.)

12     "The right of removal is entirely a creature of statute and 'a suit commenced in
13 a state court must remain there until cause is shown for its transfer under some act of
14 Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002)
15 (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where
16 Congress has acted to create a right of removal, those statutes are strictly construed
17 against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661,
18 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

19     Unless otherwise expressly provided by Congress, a defendant may remove
20 "any civil action brought in a State court of which the district courts of the United
21 States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249,
22 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal
23 jurisdiction. Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006);
24 Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to
25 remove [an] action pursuant to that provision, [the removing defendant] must
26 demonstrate that original subject-matter jurisdiction lies in the federal courts."

---

[1] All citations to the Notice are to the CM/ECF pagination.

Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

### A. Federal Question Jurisdiction

The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. Defendant and Plaintiff entered into a year lease on or about June 30, 2015. (Dkt. No. 1 at 31.) The state-court Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal defenses or federal counterclaims do not provide a basis to remove an action which does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). There is no basis here for federal question jurisdiction.

//

### B. Diversity Jurisdiction

Defendant does not allege diversity jurisdiction (Dkt. No. 1 at 10, 17) and the Court does not find any basis for diversity jurisdiction. Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a). The Complaint does not allege damages in excess of $75,000, and Defendant has not shown, by a preponderance of the evidence, that the amount in controversy requirement has been met. Id.; Abrego Abrego, 443 F.3d at 683. Indeed, it is apparent from the state-court records that the underlying unlawful detainer action is a limited civil action that does not exceed $10,000. (Dkt. No.1 at 23.)

### C. 28 U.S.C. § 1443

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States. In order to successfully remove, the defendant must satisfy a two-prong test: (1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and (2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966).

Under the first prong, constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, a defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court. Peacock, 384 U.S. at 828.

While a violation of 42 U.S.C. §§ 1981 and 1982 may satisfy the first prong of this test, Defendant cannot satisfy the second. Defendant alleges that he is being discriminated against as a "minority" and the state court ignores him and refuses to

accept his requests for equitable relief. (Dkt. No. 1 at 7.) He also asserts that he will be unable to raise his federal claims in state court because state courts just "rubber-stamp" all non-judicial foreclosures and summary evictions. (Id. at 7-9.) These bare assertions are insufficient to invoke the Court's jurisdiction. Defendant "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).

Here, Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore his federal rights[2]. See HSBC Bank USA v. Kubik, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr.16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution.") Moreover, the allegations he does make are entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. See Bogart v. California, 355 F.2d 377, 380-81 (9th Cir. 1966). Consequently, removal is not proper under § 1443(1).

**D.  Conclusion**

This Court does not have subject matter jurisdiction over this case. IT IS

//

---

[2] To the extent Defendant relies on California Civil Code §2924 in support of his allegation that he cannot enforce his equal protection and due process rights in the state court (Dkt. No. 1 at 9), he is mistaken. California Civil Code §2924 governs the private power of sale in a deed of trust and does not violate the constitutional guarantees of due process and equal protection. See Strutt v. Ontario Savings and Loan Association, 28 Cal. App. 3d 866, 877 (1972).

5

THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: January 20, 2016

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE